IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| TERENCE BARRY, a/k/a<br>TERRANCE BARRY, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | No. 1:13-cv-00040 |
| WARDEN JERRY LESTER,<br>COMMISSIONER JIM DICKMAN, and<br>INMATE MICHAEL WHITE, | )<br>)<br>)<br>) | Chief Judge Haynes |
| Defendants. | )<br>) | |

## MEMORANDUM

Plaintiff, Terence Barry, a/k/a Terrance Barry, a state prisoner at the Northeast Correctional Complex in Mountain City, Tennessee, filed this *pro se* action asserting claims under 42 U.S.C. § 1983 against Defendants: Jerry Lester, TCIX Warden; Jim Dickman, Deputy Commissioner, Tennessee Department of Corrections; and inmate Michael White. (Docket Entry No. 1). The Court must conduct an initial review of the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, that require dismissal of any complaint filed *in forma pauperis*, or brought by a prisoner against a governmental entity, officer, or employee, if the complaint is frivolous, malicious, or fails to state a claim for which relief may be granted, or is brought against a defendant who is immune from suit.

According to his complaint, Plaintiff alleges that his cell at the Turney Center Industrial Complex ("TCIX"), where Plaintiff was formerly housed, was searched on May 7, 2012 as part of an "institutional shakedown." (Docket Entry No. 1, at 4.) During this search, a cell telephone

was found in a musical recording device used by Plaintiff's cellmate, Michael White. White was charged with possession of the cell phone. Because White did not admit that the cell telephone was his, Plaintiff was also charged with possession of the cell phone. Plaintiff was ultimately found guilty of a disciplinary infraction. Plaintiff states : "This has been a willful and malicious act without the burden of proof on my part to charge me and to deny my parole 6-13-12." (*Id.*) Plaintiff seeks compensatory and punitive damages from "each person involved" for "each and every day" he is imprisoned after his parole eligibility date of June 13, 2012.

The documents attached to Plaintiff's complaint reflect that he appealed this disciplinary finding and filed numerous grievances related to the disciplinary charge, all of which were denied. Plaintiff appears to assert a claim based on the deprivation of due process and seeks only damages.

To state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). Claims that do not state a deprivation of a right secured by the Constitution or federal law must likewise be dismissed. To the extent Plaintiff seeks damages from persons who are immune from suit, such claims must likewise be dismissed. 28 U.S.C. § 1915A(b)(2).

As an initial matter, any claim against inmate Michael White, a fellow-prisoner, fails to state a claim under Section 1983 as a prisoner is not a state actor or a person acting under color of state law for purposes of 42 U.S.C. § 1983.

As to the claims against Lester and Dickman, Plaintiff does not specify whether he sues these defendants in their official or individual capacity. Insofar as Plaintiff seeks personal

liability in their individual capacity. Plaintiff fails to allege facts suggestive of the personal involvement in any action giving rise to Plaintiff's claims. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005) ("[P]roof of personal involvement is required for a supervisor to incur personal liability."). The complaint therefore fails to state a claim against them in their individual capacity.

Insofar as Plaintiff seeks to impose liability against these defendants in their official capacity, an official-capacity claim is equivalent to a claim against the entity that employs the individual named in his official capacity. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978); *see Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent." (internal alterations, quotation marks and citations omitted)).

These Defendants are the warden and the deputy commissioner of TDOC and employs of the State of Tennessee. A state official and employee sued in his official capacity for money damages is absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, as state officials, defendants Lester and Dickman are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacity for monetary damages. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Consequently, to the extent Plaintiff intended to seek damages under § 1983 against defendants Lester and Dickman in their official capacity, such claims are subject to summary dismissal.

Because the complaint fails to state a claim against any defendant for which relief may be

granted, and because defendants Lester and Dickman, in their official capacity, are immune from suit for damages, the complaint is subject to dismissal in its entirety under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and (2).

It is so **ORDERED**.

**ENTERED** this the 7th day of May, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court